IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00781-WDM-MJW

RICHARD J. HETTLER,

Plaintiff,

v.

LYDIA DODY,
BARBARA SALOMON, ESQ.,
JORDAN FOX, ESQ.,
STEVE E. ABELMAN, ESQ.,
LAWFIRM [sic] OF CAGE, WILLIAMS, ABELMAN,
ERIC A. PETERSON, ESQ.,
LAWFIRM [sic] OF LIGGETT, SMITH & WILSON,
STATE OF COLORADO,
LARIMER COUNTY DISTRICT ATTORNEY LARRY ABRAHAMSON,
LARIMER COUNTY DISTRICT ATTORNEY'S OFFICE,
LINDA JENSEN, ESQ.,
LAWFIRM [sic] OF MESSERLI & KRAMER,
DANIEL MOHS, ESQ.,
LAWFIRM [sic] OF DANIEL MOHS & ASSOCIATES, LTD,
HENNEPIN COUNTY ATTORNEY'S OFFICE,
HENNEPIN COUNTY ATTORNEY AMY KLOBUCHAR,
ANDREW LE FEVOUR, Hennepin County Attorney's Office,
GLEN MILLER, Hennepin County Attorney's Office,
RUTH D. KAHN,
THOMAS MILLER, ESQ.,

Defendants.

---

**RECOMMENDATIONS ON**
**(1) DEFENDANTS' LARIMER COUNTY DISTRICT ATTORNEY LARRY**
**ABRAHAMSON AND LARIMER COUNTY DISTRICT ATTORNEY'S OFFICE RULE**
**12(b)(6) F.R.C.P. [sic] MOTION TO DISMISS (Docket No. 11);**
**(2) DEFENDANT STATE OF COLORADO'S MOTION TO DISMISS FOR LACK OF**
**SUBJECT MATTER JURISDICTION (Docket No. 52);**
**(3) PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**
**(Docket No. 53);**
**(4) HENNEPIN COUNTY DEFENDANTS' MOTION TO DISMISS (Docket No. 77);**
**(5) MOTION TO DISMISS OF DEFENDANTS ERIC A. PETERSON AND LIGGETT,**

2

**SMITH & WILSON, P.C. (Docket No. 82);**
**(6) DEFENDANTS' FOX, SOLOMON AND CAGE WILLIAMS, P.C. RULE 12(b)(6)**
**Fed.R.Civ.P. MOTION TO DISMISS (Docket No. 87);**
**(7) DEFENDANT RUTH D. KAHN'S MOTIONS TO DISMISS THE CASE, FOR**
**SUMMARY JUDGMENT, TO CHANGE VENUE FOR THE IMPOSITION OF**
**SANCTIONS AND FOR GRANTING THE FOREGOING RELIEF WITHOUT HEARING**
**OR TO BE EXCUSED FROM ATTENDING THE HEARING (Docket No. 92);**
**(8) DEFENDANT THOMAS MILLER'S MOTION TO TRANSFER VENUE**
**(Docket No. 103);**
**(9) DEFENDANT THOMAS MILLER'S MOTION TO DISMISS (Docket No. 118);**
**(10) DEFENDANT ABELMAN'S RULE 12(b)(6) Fed.R.Civ.P. MOTION TO DISMISS**
**(Docket No. 122);**
**(11) DEFENDANT DODY'S RULE 12(b)(6) Fed.R.Civ.P. MOTION TO DISMISS**
**(Docket No. 124);**
**(12) PLAINTIFF'S MOTION TO DENY OR IN THE ALTERNATIVE TO STRIKE**
**DEFENDANT ABELMAN'S MOTION TO DISMISS and PLAINTIFF'S MOTION FOR**
**JUDGMENT BY DEFAULT (Docket No. 128);**
**(13) PLAINTIFF'S MOTION TO DENY OR IN THE ALTERNATIVE TO STRIKE**
**DEFENDANT DODY'S MOTION TO DISMISS and PLAINTIFF'S MOTION FOR**
**JUDGMENT BY DEFAULT (Docket No. 131); and**
**(14) MOTION TO DISMISS BY DEFENDANTS MESSERLI & KRAMER P.A. AND**
**LINDA JENSEN (Docket No. 134)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Amended Order of

Reference to Magistrate Judge (Docket No. 12) issued by Judge Walker D. Miller on

June 6, 2006 (Docket No. 12).

In March 2006, the pro se plaintiff, Richard J. Hettler of Minnesota, commenced

this action in the United States District Court for the District of Columbia, claiming that

venue was proper in that district "because the parties are of diverse citizenship and no

other venue is suitable to achieve remedies to which the Plaintiff is entitled as a matter

of law.  Also relevant here is that Plaintiff is planning in the near-term to move to the

Washington, DC area for health reasons."  To date, however, it appears plaintiff still

resides in Minnesota.  The District Court for the District of Columbia issued a Transfer

Order to this district, finding that "[a] substantial part of the events giving rise to the

claims are alleged to have occurred in Colorado, which is also where a substantial part

of the subject property is located."  (Docket No. 1 at 1).

> Plaintiff has named twenty defendants
>
>> for their conspired and constitutionally violated actions in multiple venues
>> which foreclosed on [his] entitlement to his share of a Colorado multi-
>> million dollar marital estate plus all personal and corporate property of
>> his, including as well property of his deceased brother for whom [plaintiff]
>> was appointed . . . Administrator for his brother's California death estate.
>> Co-defendants conspired with one another to have [plaintiff] arrested [in
>> two states -first Minnesota and thereafter in Colorado], and then had him
>> falsely extradited [from Minnesota to Colorado] on *known bogus criminal
>> charges*.  Such conspired efforts by the co-defendants led to the taking of
>> every dime [plaintiff] ever had, whether initially owned prior to his
>> marriage, and thereafter in the process of the 17 year marriage, to the
>> date of this complaint. . . .  This case subsumes embezzlement of
>> property from [plaintiff], and in his fiduciary role as his brother's . . .
>> California death estate Administrator, his false arrest, his false detention,
>> his false extradition, his tortured treatment while in detention, his tortured
>> treatment while in rendition between Colorado and Minnesota, his
>> defamed character, his violated civil rights; specifically, his 1st, 4th, 5th, 6th,
>> 8th, and 14th amendment rights . . . ."

(Docket No. 1-2 at 1-2).

More specifically, in his rambling 29-page Complaint, plaintiff complains about

the division of his $4.2 marital estate when his marriage to defendant Dody was

dissolved in October 1996 in Larimer County (Colorado) District Court.  Named as co-

defendants with regard to these allegations are Dody's Minneapolis counsel (Jensen

and the law firm of Messerly & Kramer) and her Denver-based counsel (defendants

4

Barbara Salomon, Jordan Fox, Steve Abelman, and their law firm Cage, Williams, Abelman), who purportedly began working with defendants Hennepin County Attorney's Office, Amy Klobuchar, Andrew LeFevour, and Glen Miller, "to take not only all of [plaintiff's] sole personal and corporate property, but his share of the thus far undivided $4.2 million marital estate . . . " (Docket No. 1-2 at 2). This "orchestrated scheme" apparently included plaintiff's arrest and detention in Minnesota, as well as his extradition to and purportedly "bogus" criminal charges in Colorado. He claims he was tortured during his trips to and from Colorado. He asserts that "upon his arrival back in Minnesota [he] discovered that the reason for all of this was first to torture Plaintiff but moreover to give the Minnesota and Colorado contingents of this fraud time to orchestrate the Minnesota component of this massive swindle." (Docket No. 1-2 at 4). He said he was arrested in Minnesota "on known false charges in order to keep [him] from his money and children and to teach [him] a lesson." (Docket No. 1-2 at 4).

Plaintiff also states that his brother died intestate August 1996, and plaintiff was appointed as Administrator for his multimillion-dollar estate, which allegedly should have been divided ratably among plaintiff and his brother and sister. Plaintiff complains that "Dody et al set out to take . . . everything [his] brother had left behind" "by falsely arresting [him] . . . on known bogus criminal charges so they could literally raid all of Plaintiff's property and all of his deceased brother's estate." (Docket No. 1-2 at 5-6). He claims that "Dody et al" used foreign-docketed, challenged judgments "to embezzle millions of dollars away from Plaintiff and his deceased brother . . . ." (Docket No. 1-2 at 6).

5

Furthermore, plaintiff contends that "Dody and other defendants named herein used a third party Minnesota bankruptcy action of co-defendant Ruth Kahn [in conspiracy with her bankruptcy trustee and co-defendant attorney Thomas Miller] as a conduit to siphon more money and assets from plaintiff under the false pretense that such money and assets belonged to the Kahn bankruptcy estates." (Docket No. 1-2 at 6). Plaintiff contends that "neither the bankruptcy courts nor state and federal regulators have done anything about this, allowing a multimillion dollar bankruptcy swindle to stand undisturbed, while Kahn's creditors have been allowed to remain unjustly enriched with liquidated property which never belonged to any bankruptcy estate . . . ." (Docket No. 1-2 at 6). Plaintiff asserts that the Bankruptcy Judge's order "is dead-wrong and violates numerous Sections of the Bankruptcy Act as it does various sections of Title 18 . . . ." (Docket No. 1-2 at 6).

Plaintiff also rambles on about various defendants' purported obstruction of justice, perjury, grand theft, as well as plaintiff's conviction that was purportedly in violation of the Speedy Trial Act and the alleged failure to return his property and records. (See e.g. Docket No. 1-2 at 7).

Plaintiff raises twelve "counts" consisting of (1) alleged civil rights violations pursuant to 42 U.S.C. § 1983 and 1986 (excessive force, illegal search and seizure, false arrest, denial of medical attention, due process violations, unlawful extradition, and "summary punishment") by Hennepin County Attorney's Office, State of Colorado, and Larimer County District Attorney's Office; (2) a conspiracy by all defendants to violate plaintiff's civil rights; (3) embezzlement of plaintiff's property and conspiracy to

falsely arrest and detain plaintiff by Kahn, Thomas Miller, Glen Miller, and Hennepin

County District Attorney's Office and breach of fiduciary duty by Mohs and Daniel Mohs

& Associates, Ltd.; (4) a conspiracy to falsely arrest, extradite, and detain and to

embezzle by Hennepin County Attorney's Office, Klobuchar, LeFevour, Glen Miller,

State of Colorado, Larimer County District Attorney's Office, Kahn, and Thomas Miller;

(5) unjust enrichment by Mohs, Daniel Mohs Associates, Ltd/, Jensen, Dody, Salomon,

Cage Williams Abelman, Messerli & Kramer, Kahn, Thomas Miller, Peterson, Liggett,

Smith, Wilson; (6) bankruptcy fraud by Mohs, Daniel Mohs & Associates, Ltd., Jensen,

Messerli & Kramer, Dody, Hennepin County Attorney's Office, Kahn, Thomas Miller,

Steve Abelman, Cage, Williams, Abelman, and Salomon; (7) a conspiracy to falsely

arrest and detain plaintiff by Mohs, Daniel Mohs & Associates, Ltd., Dody, Hennepin

County Attorney's Office, Klobuchar, LeFevour, Miller, Salomon, Cage, Williams,

Abelman, State of Colorado, Larimer County District Attorney's Office, Kahn, Thomas

Miller, and Abrahamson; (8) a conspiracy by all defendants to embezzle plaintiff's

money and other assets; (9) a conspiracy to withhold evidence, conceal assets, and

provide false oaths in violation of 18 U.S.C. § 152 by Salomon, Cage, Williams,

Abelman, Jensen, Dody, Hennepin County Attorney's Office, LeFevour, Miller,

Klobuchar, and Abrahamson;(10) embezzlement and a conspiracy to embezzle

plaintiff's money and assets and unlawful conversion of property in contravention of 18

U.S.C. § 654 by Dody, Mohs, Daniel Mohs & Associates, Ltd., Hennepin County

Attorney's Office, Jensen, Messerli & Kramer, Salomon, Fox, Abelman, Cage, Williams,

Abelman, Peterson, Liggert, Smith, Wilson, Klobuchar, Lefevour, Glen Miller, Kahn,

and Thomas Miller; (11) perjury and a conspiracy to commit perjury by Dody, Salomon, Fox, Cage, Williams, Abelman, Hennepin County Attorney's Office, Klobuchar, Glen Miller, Larimer County District Attorney's Office, and Abrahamson, and (12) ineffectiveness of counsel by Mohs and Daniel Mohs & Associates, Ltd.

Now before the court are the following fourteen motions:  (1) Defendants' Larimer County District Attorney Larry Abrahamson and Larimer County District Attorney's Office Rule 12(b)(6) F.R.C.P. [sic] Motion to Dismiss (Docket No. 11); (2) Defendant State of Colorado's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 52); (3) Plaintiff's Motion for Leave to Supplement Complaint (Docket No. 53); (4) Hennepin County Defendants' Motion to Dismiss (Docket No. 77); (5) Motion to Dismiss of Defendants Eric A. Peterson and Liggett, Smith & Wilson, P.C. (Docket No. 82); (6) Defendants' Fox, Solomon and Cage Williams, P.C. Rule 12(b)(6) Fed.R.Civ.P. Motion to Dismiss (Docket No. 87); (7) Defendant Ruth D. Kahn's Motions to Dismiss the Case, for Summary Judgment, to Change Venue for the Imposition of Sanctions and for Granting the Foregoing Relief Without Hearing or to Be Excused from Attending the Hearing (Docket No. 92); (8) Defendant Thomas Miller's Motion to Transfer Venue (Docket No. 103); (9) Defendant Thomas Miller's Motion to Dismiss (Docket No. 118); (10) Defendant Abelman's Rule 12(b)(6) Fed.R.Civ.P. Motion to Dismiss (Docket No. 122); (11) Defendant Dody's Rule 12(b)(6) Fed.R.Civ.P. Motion to Dismiss (Docket No. 124); (12) Plaintiff's Motion to Deny or in the Alternative to Strike Defendant Abelman's Motion to Dismiss and Plaintiff's Motion for Judgment by Default (Docket No. 128); (13) Plaintiff's Motion to Deny or in the Alternative to Strike

8

Defendant Dody's Motion to Dismiss and Plaintiff's Motion for Judgment by Default
(Docket No. 131); and (14) Motion to Dismiss by Defendants Messerli & Kramer P.C.
and Linda Jensen (Docket No. 134).

The court has carefully considered the motions, the four responses (Docket Nos.
68, 70, 122, and 124), and a reply by the State of Colorado (Docket No. 71), as well as
the court's file and applicable case law and Federal Rules of Civil Procedure.  The
court now being fully informed makes the followings findings, conclusions, and
recommendations.

## MOTION TO SUPPLEMENT THE COMPLAINT

Plaintiff moves (Docket No. 53) to supplement his Complaint pursuant to Fed. R.
Civ. P. 15(d) due to purported transactions or occurrences that allegedly occurred
since the date of the Complaint.  Rule 15(d) "provides that a court may permit a party to
serve a supplemental pleading setting forth transactions, occurrences, or events that
have happened since the date of the pleading sought to be supplemented.  Motions to
supplement are addressed to the sound discretion of the court."  Gillihan v. Shillinger,
872 F.2d 935, 941 (10th Cir. 1989).  "The court should apply the same standard for
exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule
15(a)."  Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., 266 F. Supp.2d 1253, 1256
(D. Colo. 2003).  Rule 15(a) provides that leave to amend "shall be freely given when
justice so requires."  Fed. R. Civ. P. 15(a).  "Refusing leave to amend is generally only
justified upon a showing of undue delay, undue prejudice to the opposing party, bad
faith or dilatory motive, failure to cure deficiencies by amendments previously allowed,

or futility of amendment." <u>Frank v. U.S. West, Inc.</u>, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

Defendant State of Colorado filed the only response to the plaintiff's motion. (Docket No. 68).  In that response, defendant correctly asserts that none of the matters alleged in the plaintiff's proposed First Supplemental Complaint (Docket No. 53-2) are transactions or events that have happened since the original Complaint was filed. Instead, plaintiff merely adds an additional claim for relief against seven new defendants based on actions previously alleged.  More specifically, he seeks to add bankruptcy trustees, Kahn's bankruptcy estate, the bankruptcy estate of INA Manufacturing Corp., its attorney, and that attorney's law firm, and "count" thirteen which raises a claim of embezzlement and conspiracy to embezzle plaintiff's money and assets, unlawful conversion of property in contravention of 18 U.S.C. § 654, felony bankruptcy and tax fraud and conspiracy to commit the same.  Nevertheless, as correctly asserted by the State of Colorado, no defendant has filed a responsive pleading, and thus plaintiff is entitled to amend his Complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a).  In any event, given the findings below, it is recommended that the Complaint, even as amended, be dismissed with prejudice.

## MOTIONS TO DISMISS AND MOTIONS TO STRIKE

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  Statutes

conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d 1091, 1094-95 (D. Colo. 2001).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), court may look both to the complaint itself and to any documents attached as exhibits to the complaint." Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001) (citing Fed. R.

11

Civ. P. 10(c); Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991) (written documents attached to the complaint as exhibits are considered part of the complaint for consideration in a Rule 12(b)(6) motion)).  "There are two exceptions to this rule.  First, a district court may review 'mere argument contained in a memorandum in opposition to dismiss' without converting the Rule 12(b)(6) motion into a motion for summary judgment. . . .  Second, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" County of Santa Fe, N.M. v. Public Service Co. of N.M., 311 F.3d 1031, 1035 (10th Cir. 2002).  "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. . . .  This allows the court to 'take judicial notice of its own files and records, as well as facts which are a matter of public record.'" Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citations omitted).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

12

Plaintiff filed responses to just four of the motions to dismiss, namely, the motions docketed as Docket Nos. 11, 52, 122, and 124.  With respect to the first two motions to dismiss, plaintiff does not address the defendants' specific arguments for dismissal and instead merely states the following:

1.  Defendants' respective motions are a continuation of Plaintiff's denied due process in the Colorado District, now for the past 12 years.  This is why Plaintiff brought this instant complaint before the District of Columbia which would have removed venue prejudice which has kept Plaintiff from having his day in court in both the Colorado and Minnesota Districts now for 12 years.  It is natural for the defendants hereto to attempt to dodge responsibility for their egregious assault upon this Plaintiff but it is more unnatural for their egregious acts to go unpunished, especially in the absence of a defense.  It is interesting to note that not one of the 27 defendants thus far named have offered any evidence to rebut the claims of the Plaintiff and it is this very theme which has colored this case now for 12 years; that is, Plaintiff's evidence is overwhelming, and defendants' proof simply doesn't exist, yet such defendants have been successful in keeping the facts of this case buried.  Defendants' [sic] hereto now again ask for dismissal while so many matters must necessarily be brought before a competent trier of fact. Dismissal will make "competent trier of fact" a continued myth in that the "facts" which are so abundant have never been "tried" and to keep such facts from being "tried", the defendants' [sic] hereto have had to resort to "trickery" to avoid prosecution.  Defendants' respective motions for dismissal are tantamount to summary judgment and this court cannot entertain such relief when there are so many matters which are genuinely at issue and must be brought on before this court and Plaintiff's requested paneled jury.

2.  The defendants hereto are asking to be held harmless for ruining Plaintiff's life and then looting he and his deceased brother of their life and death estates for millions of dollars - they have totally decimated this Plaintiff physically, emotionally, and financially, notwithstanding the abundance of evidence showing that such relief seekers committed or conspired to commit numerous acts in violation of Plaintiff's civil and constitutional rights, many of which are criminal in nature.

13

3.   Such acts are as set forth in the complaint and involve civil and criminal infractions in both Colorado and Minnesota including the arrest, detention, and extradition of Richard Hettler as an innocent person, criminally prosecuted by the defendants hereto so that Plaintiff and his deceased brother's estate could be looted by the defendants and those who perpetrated this assault upon the Plaintiff and his dearly departed brother.

4.   The record is replete with evidence which is irrefutable and will show a jury panel that the respective district attorneys [Klobuchar in Hennepin County, Minnesota, and Abrahamson in Larimer County, Colorado] used *perjured affidavits* to secure probable cause against this Plaintiff and to have him arrested, with the sole purpose of that arrest being their multi-state orchestration of a Minnesota bankruptcy swindle which took Plaintiff's property and that of his deceased brother, for which the Plaintiff had earlier been court-ordered as his brother's California death estate Administrator.  The defendants hereto acted despicably by not only looting a dead person, but they had his yet living brother [this Plaintiff] his court-ordered fiduciary] tortured and locked up so they could get away with it.

5.   As to the state's requested dismissal, evidence does show that the State of Colorado corroborated with the State of Minnesota to have Plaintiff Hettler extradited to Colorado for a crime which both state Governors [then Ventura, and Owens] knew [as did the respective district attorneys] he never committed-this doesn't warrant dismissal as plead by the State of Colorado.

6.   This court cannot possibly grant defendants' requests given the amount of competent evidence and witness testimony that such a dismissal would foreclose upon.

(Docket No. 70).

With respect to Abelman's (Docket No. 122) and Dody's (Docket No. 124)

motions to dismiss, plaintiff moves to strike pursuant to Fed. R. Civ. P. 12(f) or for the

court to summarily deny the motions, sanction the defendants, and enter judgment by

default because he claims that the motions are allegedly frivolous and untimely and

because these two defendants have "no standing in this case other than now as a defaulted defendant." (Docket No. 12 and 131). With respect to Dody's motion, plaintiff asserts that it "should be denied or stricken accordingly because of the *subterfuge* Dody and her coconspirators continue to place on the record [unsupported by the evidence] to avoid discovery by a court of competent jurisdiction [this court] and now a jury panel . . . ." (Docket No. 131 at 3). Plaintiff seeks judgment by default against each of these two defendants in the amount of $319,278,000.00. He also asks the court to refer this matter to the U.S. Attorney and Colorado Attorney General's office for criminal investigation.

With respect to Dody's motion to dismiss, plaintiff briefly addresses the merits of the motion with the same type of rambling that comprises the Complaint. Plaintiff asserts that "dismissal on the grounds of *res judicata* and *collateral estoppel* . . . have no applicability because *fraud vitiates such defenses*." (Docket No. 131 at 3).

It is recommended that default judgment not be entered against defendants Abelman and Dody. Plaintiff has not had a default entered by the Clerk of the Court, and he did not even submit the requisite affidavit(s) to have such defaults entered. Furthermore, even assuming the motions were not timely filed, plaintiff has shown no prejudice that has resulted from the late filings. In addition, given the findings below, the defendants have established a meritorious defense to the plaintiff's claims. Finally, plaintiff has not shown any basis for striking the motions pursuant to Fed. R. Civ. P. 12(f).

15

### Collateral Estoppel/Res Judicata

"'[T]his Court must apply Colorado law to determine if collateral estoppel provides for the preclusive effect sought here.  Under Colorado law, the doctrine of collateral estoppel precludes a claim if the issue is identical to an issue actually litigated and necessarily decided in the prior action, the party against whom estoppel is sought was a party or was in privity with a party in the prior action, there was a final merits judgment in the prior action, and the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior action." Barton v. Blea, 2006 WL 3262831 (D. Colo. Nov. 8, 2006) (quoting Wilkinson v. Pitkin County Board of County Commissioners, 142 F.3d 1319, 1322 (10th Cir. 1998)).  "In Colorado, 'a final judgment is considered conclusive in any subsequent litigation that involves (1) the same claim for relief, (2) the same subject matter, and (3) the same parties or those in privity with them.' . . .  This is known as the *res judicata* doctrine.  Such doctrine also prevents a party from litigating a legal claim that was or could have ben the subject of a previously issued final judgment." Montgomery-Brooks v. Regional Transp. Dist., 2005 WL 3358849 (D. Colo. Dec. 9, 2005).

Most of the defendants have a common argument in their motions.  This court agrees with their contention through this action the plaintiff is attempting to re-litigate divorce, criminal, and bankruptcy matters that he lost in state and federal courts.  Defendants have provided the court with copies of documents from plaintiff's criminal proceedings in Minnesota (see Docket Nos. 79-1 to 79-13; original and amended criminal complaints, Petition to Enter Plea of Guilty, Felony Plea Transcript of Hearing,

16

Sentencing Transcript, Petition for Post Conviction Relief, Response to that petition,

Order denying that petition), various rulings concerning the bankruptcy matters (i.e.,

Docket Nos. 79-13 to 79-22), and an order issued by the District Court in Larimer

County in plaintiff's matrimonial action (Docket No. 87-3)[1].  The court has

---

[1]In that Order, the court noted that prior to the issuance of Permanent Orders in the marital action, plaintiff filed approximately thirteen motions which were denied. Following the entry of Permanent Orders, plaintiff filed approximately fifteen motions with the District Court, eleven with the Colorado Court of Appeals, eight with the Colorado Supreme Court, and one with the United States Supreme Court.  According to the court, "[e]very Motion filed by [plaintiff] wherein some error was asserted, the Motion was denied by the various Courts having jurisdiction to decide the Motion." (Docket No. 87-3).  The court stated:

> A common finding throughout the history of this case is that [plaintiff's] various Motions continually assert grounds previously asserted in other Motions which were previously found to be without merit and denied by the Court.  Nevertheless, [plaintiff] continued to ignore (or remain oblivious to) the various rules of civil procedure cited by the Court which prohibit the manner in which [plaintiff] continually attempted to proceed, and attack the prior findings and assert error despite the Courts [sic] continued rulings to the contrary.  In addition, [plaintiff] goes so far as to attack the credibility and dignity of this Court by asserting that no "meaningful judicial review" has occurred regarding this case.  The Court has spent numerous hours in reviewing and re-reviewing the alleged errors asserted by [plaintiff] and has continually found them to be without merit.

> [Plaintiff's] complete lack of respect or deference to the authority and dignity of this Court are evidenced not only in his repeated refusal to accept the Finding and Orders of this Court, but his apparent refusal to pay any amounts ordered by this Court as well.  As a result, Petitioner [Dody] has not only been substantially burdened by the enormous fees necessary to respond to the continual flood of meritless filings, but she has also been damaged by [plaintiff's] refusal to honor any of his Court ordered obligations.  Moreover, Petitioner has submitted evidence to this Court that [plaintiff] has made a "vendetta of ruin[ing] [Petitioner's] life." The Court will not allow [plaintiff] to use the Court system as the avenue to carry out his vendetta.

taken judicial notice of these documents and rulings that are a matter of public record.

See Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial

notice may be considered in a Rule 12(b)(6) motion without converting the motion to

dismiss into a motion for summary judgment. . . .  This allows the court to 'take judicial

notice of its own files and records, as well as facts which are a matter of public

record.'").   The court has also taken judicial notice of an Order issued on June 27,

2002, by the Colorado Court of Appeals in the matrimonial action, In re the Marriage of

Lydia J. Dody and Richard James Hettler, Court of Appeals No. 01CA1000.

Defendants also correctly point out that some of those courts have actually

enjoined the plaintiff from re-litigating these matters in their courts.  In the case of In re

INA Mfg. Corp., 2002 WL 1740700, *3 (D. Minn. July 26, 2002), the court found that

> Hettler's broad allegations of fraud regarding the various bankruptcy
> proceedings are barred by collateral estoppel and res judicata.  The
> issues and claims Hettler raised in the settlements of previous bankruptcy
> proceedings have been fully and fairly litigated and adjudicated on the
> merits by the U.S. Bankruptcy Court, the U.S. District Court, and the

---

> The Court has both the duty and the power to protect courts,
> citizens and opposing parties from the deleterious impact of repetitive,
> unfounded pro se litigation. . . . .  In this case, the Court finds that when
> [plaintiff's] right of access to the Courts is balanced against the interests
> of Petitioner and the public in general in protecting judicial resources from
> the deleterious impact of repetitious, baseless pro se litigation, [plaintiff's]
> rights do not prevail. [Plaintiff], as indicated above, has continued to
> abuse the process and offend the dignity of this Court.  For these
> reasons, **[plaintiff] is hereby prohibited from filing and/or pursuing
> any additional claims as a pro se litigant.**  If [plaintiff] obtains the
> services of a licensed Colorado Attorney, [plaintiff's] attorney is free to
> proceed as he deems appropriate. . . .

In Re the Marriage of Lydia J. Dody and Richard J. Hettler, Docket No. 8703 at 19-20
(Larimer County, Colorado, Oct. 1, 1998).

18

Eighth Circuit Court of Appeals.  Hettler has had his day in court and now the sun has set.  There must be repose.

. . .

. . .  His appeals and motions are meritless.  In light of Hettler's vexing litigation regarding the bankruptcy proceedings, an injunction is issued.

Blatant abuse of the judicial process will not be tolerated. . . .  The right of access to the court is not absolute or unconditional. . . .  Defendants have a right to be free from "harassing, abusive, and meritless litigation," and federal courts have "a clear obligation to exercise their authority to protect litigants from such behavior." . . .

**This court finds that Hettler has abused the judicial process.**  Hettler filed seven appeals and numerous motions with this Court, all of which are frivolous, meritless, and vexatious.  He made expansive, vague, and baseless allegations of fraud with regard to the bankruptcy proceedings.  In addition, Hettler failed to pay the filing fees or copying costs for his seven appeals.  As a consequence of his conduct, Hettler, or any individual or entity acting on his behalf, or Hettler acting on behalf of any other individual or entity, shall be enjoined from bringing any additional pleadings, motions, claims, or appeals before the United States District Court for the District of Minnesota or the United States Bankruptcy Court where the Trustee, John Stoebner, is a party or where Hettler's claims in any way related to the bankruptcy estate of INA Manufacturing Corporation or the subject matter of the litigation before this Court to date.  **Should Hettler choose to continue to file such suits in an unabated fashion, he risks monetary sanctions and a criminal contempt citation. . . .**

In re: INA Manufacturing Corp., 2002 WL 1740700 (D. Minn. July 26, 2002) (emphasis

added), aff'd, 2003 WL 1841867, 60 Fed Appx. 653 (8th Cir. Apr. 10, 2003).

Subsequently, the same court in Hettler v. Kahn, 2002 WL 31777804 (D. Minn. Dec.

10, 2002), stated that it had

previously considered numerous issues involving Hettler's claims related to his serving as Administrator of his deceased brother's estate, and his allegations of fraud involving financial dealings related to Defendant Ruth D. Kahn and others.  In its July 26, 2002 Order, this Court denied and

dismissed numerous appeals by Hettler regarding his allegations of "fraud," and Hettler was precluded from again raising these allegations. . . . Specifically, Plaintiff was:

> ENJOINED from bringing any additional pleadings, motions, claims, or appeals before the United States District Court for the District of Minnesota or the United States Bankruptcy Court where the Trustee, John Stoebner, is a party or where Hettler's claims *in any way relate to . . . the subject matter of the litigation before this Court to date.*

. . . . Hettler's claims in this case are directly related to the claims previously addressed.  In its December 4, 2002 Order, this Court dismissed another related case brought by Hettler, and again disavowed any continued cases, claims or motions in any way related to the same issues. . . .

. . .   [T]the issues raised by this appeal directly relate to Hettler's prior claims against Ruth Kahn, relating to Hettler's dealings with his deceased brother's probate, which were also the subject of his claims before United States Bankruptcy Court Judge Nancy C. Dreher.  These issues are precisely the issues intended to be barred by the injunction in the July 26, 2002 Order.  Accordingly, this Appeal . . . . is directly in violation of this Court's July 26, 2002 Order, and it is hereby summarily dismissed with prejudice.

. . .

**Hettler has now crossed the Rubicon, and his years of repetitive filings on the same issue must come to an end. His filing of multiple cases based on the same essential allegations evidences Hettler's propensity for abuse of the litigation process. The Clerk of Court for the District of Minnesota is hereby directed to refuse for filing any pleadings for a new lawsuit submitted by Richard J. Hettler unless the pleadings bear the signature of a duly admitted officer of this Court, or Mr. Hettler has applied for, and received, the prior consent of a United States Magistrate Judge.**

Hettler v. Kahn, 2002 WL 31777804 (D. Minn. Dec. 10, 2002) (emphasis added).  In

addition, in plaintiff's matrimonial action, the court prohibited the plaintiff from filing

and/or pursuing any additional claims as a pro se litigant.  (See footnote 1 <u>supra</u>).

This court agrees with the various defendants that the court should dismiss the plaintiff's very blatant attempt to re-litigate matrimonial, criminal, and bankruptcy matters.  Furthermore, particularly given the express bar to further litigation of most of these claims by the courts in Minnesota, and Larimer County, Colorado, plaintiff's commencement and pursuit of these claims yet again was another abuse of the litigation process and was clearly vexatious.  Given plaintiff's lengthy and abusive filing history, it is recommended that the filing restrictions imposed by the District of Minnesota and Larimer County, Colorado, be expanded to prohibit the plaintiff from commencing any *pro se* actions in any federal district court or bankruptcy court within the Tenth Circuit against the persons, entities, and counsel of the parties involved in this action concerning the subject matters of this action.  <u>See</u> <u>Sieverding v. Colorado Bar. Ass'n</u>, - F.3d -, 2006 WL 3291701 (10th Cir. Nov. 14, 2006).  "'[T]he right of access to the courts is neither absolute no unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" <u>Id.</u> at *2 (quoting <u>Tripati v. Beaman</u>, 878 F.2d 351, 353 (10th Cir. 1989)).  "Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" <u>Id.</u> (quoting <u>Tripati</u>, 878 F.2d at 352).  By filing this action in the District of Columbia, which clearly had no connection to the plaintiff's claims, plaintiff was very obviously seeking to circumvent the filing restrictions to reassert the same unsuccessful claims.

In addition, it is recommended that the plaintiff be directed to show cause why he

should not be sanctioned pursuant to Fed. R. Civ. P. 11(b)(1) and (2) for filing this

repetitious, baseless, and vexatious action, particularly in the face of the prior rulings

and filing restrictions imposed by the courts in Minnesota and the District Court in

Larimer County, Colorado.

## Statute of Limitations

Most of the defendants also correctly assert that the plaintiff's claims are barred

by the statute of limitations.  For example, plaintiff states in his Complaint that his

marriage was dissolved on October 1, 1996 (Compl., Docket No. 1-2 at 2), his brother

died in August 1996 (Docket No. 1-2 at 5), and Dody and other defendants allegedly

embezzled money from plaintiff and his deceased brother in approximately 1997 or

1998.[2]  The last date of any wrongful act alleged by plaintiff was in 1998.  As correctly

noted by these defendants, the statute of limitations for plaintiff's claims is at most three

years.[3]  This action was filed in March 2006.  Therefore, plaintiff's claims are time

barred.

## State of Colorado

For the reasons stated in defendant State of Colorado' motion to dismiss

(Docket No. 52), this court finds that the Eleventh Amendment provides the State with

---

[2]Plaintiff alleges such conduct and then alleges that additional conduct occurred "[o]ver three (3) years later (in December, 2001 and February, 2002)."  (Docket No. 102 at 6).

[3]Conversion claims would be subject to a three-year limitations period, § 13-80-101(1)(h), C.R.S.; federal civil rights violations, tortious conduct, and any claim based on any other theory where no other limitations period is provided are subject to a two-year statute of limitations, §§ 13-80-102(1)(a), (g), and (l), C.R.S.; and false arrest or imprisonment claims are subject to a one-year limitations period, § 13-80-103(1)(a).

absolute immunity.  In addition, the State is not subject to suit without its consent on tort

claims arising under common law.  None of the plaintiff's claims come within any of the

waivers of immunity set forth in § 24-10-106(1)(a) through (g), C.R.S.

Given the findings above, this court finds that a discussion of the defendants'

many additional bases for dismissal is unnecessary.

Finally, the court notes that defendants Mohs and David Mohs and Associates,

Ltd., have not entered an appearance.  Nevertheless, pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (ii),[4] the court recommends dismissal of the Complaint, as

amended, as against those two defendants as well.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiff's Motion for Leave to Supplement Complaint

(Docket No. 53) be granted.  It is, however, further

**RECOMMENDED** that Defendants' Larimer County District Attorney Larry

Abrahamson and Larimer County District Attorney's Office Rule 12(b)(6) F.R.C.P. [sic]

Motion to Dismiss (Docket No. 11); Defendant State of Colorado's Motion to Dismiss for

Lack of Subject Matter Jurisdiction (Docket No. 52); Hennepin County Defendants'

Motion to Dismiss (Docket No. 77); Motion to Dismiss of Defendants Eric A. Peterson

and Liggett, Smith & Wilson, P.C. (Docket No. 82); Defendants' Fox, Solomon and

Cage Williams, P.C. Rule 12(b)(6) Fed.R.Civ.P. Motion to Dismiss (Docket No. 87);

---

[4]Section 1915(e)(2)(B)(i) and (ii) provides in pertinent part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; . . ." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

23

Defendant Ruth D. Kahn's Motions to Dismiss the Case, for Summary Judgment, to Change Venue for the Imposition of Sanctions and for Granting the Foregoing Relief Without Hearing or to Be Excused from Attending the Hearing (Docket No. 92); Defendant Thomas Miller's Motion to Dismiss (Docket No. 118); Defendant Abelman's Rule 12(b)(6) Fed.R.Civ.P. Motion to Dismiss (Docket No. 122); Defendant Dody's Rule 12(b)(6) Fed.R.Civ.P. Motion to Dismiss (Docket No. 124); and Motion to Dismiss by Defendants Messerli & Kramer P.C. and Linda Jensen (Docket No. 134) be granted to the extent that the Complaint, as amended by the granting of Docket No. 53, be dismissed with prejudice.  In view of this recommendation, it is further

**RECOMMENDED** that Defendant Thomas Miller's Motion to Transfer Venue (Docket No. 103) be denied.  It is further

**RECOMMENDED** that Plaintiff's Motion to Deny or in the Alternative to Strike Defendant Abelman's Motion to Dismiss and Plaintiff's Motion for Judgment by Default (Docket No. 128) and Plaintiff's Motion to Deny or in the Alternative to Strike Defendant Dody's Motion to Dismiss and Plaintiff's Motion for Judgment by Default (Docket No. 131) be denied.  It is further

**RECOMMENDED** that the filing restrictions imposed by the District of Minnesota and the District Court in Larimer County, Colorado, be expanded to prohibit the plaintiff from commencing any *pro se* actions in any federal district court or bankruptcy court within the Tenth Circuit against the persons, entities, and counsel of the parties involved in this action concerning the subject matters of this action.  It is further

**RECOMMENDED** that the plaintiff be directed to show cause why he should not

be sanctioned pursuant to Fed. R. Civ. P. 11(b)(1) and (2) for filing this action.

   **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  January 2, 2007                         s/ Michael J. Watanabe
       Denver, Colorado                        Michael J. Watanabe
                                               United States Magistrate Judge