IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00781-WDM-MJW

RICHARD J. HETTLER,

    Plaintiff,

v.

LYDIA DODY, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on the recommendations of Magistrate Judge Michael J. Watanabe, issued January 2, 2007 (doc no 138), on numerous pending motions. In short, Magistrate Judge Watanabe recommends that Plaintiff's complaint, as amended, be dismissed with prejudice, that Plaintiff be required to show cause why sanctions should not be imposed on him for filing this action, and that an order be entered prohibiting Plaintiff from commencing any *pro se* actions in any federal district court of bankruptcy court within the Tenth Circuit against the persons, entities, and counsel of the parties involved in this action. Pursuant to my minute order granting Plaintiff additional time to file objections to the recommendation, Plaintiff filed a document entitled "Plaintiff's Verified Objection to Magistrate Watanabe's R & R" (doc no 141). Accordingly, I review the recommendations pursuant to 28 U.S.C. § 636(b).

    I have reviewed *de novo* the pertinent portions of the record, including the

complaint, motion for leave to amend and proposed amended complaint (doc no 53), motions to dismiss filed by various defendants (doc nos. 11, 52, 77, 82, 87, 92, 118, 122, 124, 134), motion to transfer venue (doc no 103), and Plaintiff's motions to deny or strike motions to dismiss and for default judgment (docs no 128, 131), the recommendation, the orders and other documents entered by other courts in connection with the matters that are the subject of this litigation, and Plaintiff's objections.  For the following reasons, I will accept the recommendations of Magistrate Judge Watanabe with some modifications.

The history and background circumstances of this case are set forth in Magistrate Judge Watanabe's report of his recommendations and I will not repeat them in detail here.  In short, this litigation arises out of various events occurring from approximately 1996 to 1999 and concerning Plaintiff's divorce proceedings in Larimer County, Colorado, bankruptcy proceedings in the District of Minnesota, and criminal prosecutions in Minnesota and Colorado.  Plaintiff's complaint alleges a grand conspiracy to defraud and injure him by various individuals and entities involved in those proceedings.  In response to Plaintiff's allegations, Defendants filed motions to dismiss, or in the alternative for summary judgment, asserting a variety of defenses, including collateral estoppel/res judicata, statute of limitations, bankruptcy stay and discharge, immunity, and lack of jurisdiction.

In Magistrate Judge Watanabe's recommendations, he first recommends that Plaintiff's motion to amend the complaint be granted but that the complaint, even as amended, be dismissed on several grounds.  First, Magistrate Judge Watanabe notes

that although Plaintiff responded to only a few of the motions to dismiss, Plaintiff did not address the merits of any of the arguments but rather repeated his conclusory assertions that defendants have acted wrongfully and that he is entitled to present evidence to show this.  In addition, Magistrate Judge Watanabe reviewed the significant volume of orders generated in the divorce, criminal, and bankruptcy proceedings, which demonstrate that Plaintiff's allegations are clearly an attempt to relitigate the issues already addressed in those actions.  Plaintiff has been enjoined from filing additional *pro se* litigation in the District or Bankruptcy Courts in the U.S. District of Minnesota and in the District Court, County of Larimer, Colorado.  Magistrate Watanabe also found that all of Plaintiff's claims are barred by the statute of limitations, which is at most three years, and that the State of Colorado is entitled to governmental immunity.

In his objections, Plaintiff offers no evidence or argument to show that his claims are not time-barred.  In addition, other than repeating his allegations, he offers no evidence or analysis as to why his claims are not barred on other grounds, including res judicata.  His allegations clearly relate to events occurring in connection to the divorce, probate, and criminal proceedings.  The orders entered in those and other cases demonstrate that Plaintiff has filed numerous duplicative, frivolous and vexatious motions and other lawsuits raising the same allegations and issues underlying this case.  Plaintiff argues only that he could not have "lost" those cases because they were never litigated.  This unsupported statement is insufficient to overcome Magistrate Judge Watanabe's conclusion, supported by the orders entered in other cases, that

3

Plaintiff's arguments and allegations have indeed been addressed and finally determined numerous times in other proceedings.

It is also clear from Plaintiff's arguments and the litigation history of this case and others that this lawsuit constitutes one more example of Plaintiff's abuse of the litigation process. Plaintiff has been warned repeatedly against duplicative filings, has been enjoined from further *pro se* litigation by other courts, and his claims have been found to be frivolous and vexatious on numerous occasions. Accordingly, I agree with Magistrate Judge Watanabe that Plaintiff should be enjoined from further *pro se* litigation in this Court with respect to the defendants named in Plaintiff's complaint and proposed amended complaint concerning the subject matters of this action.

Accordingly, it is ordered:

1. The recommendations of Magistrate Judge Michael J. Watanabe, issued January 2, 2007 (doc no 138) are accepted as modified herein.
2. Plaintiff's Motion for Leave to Supplement Complaint (doc no 53) is granted.
3. The motions to dismiss filed by Larimer County District Attorney Larry Abrahamson and Larimer County District Attorney's Office, the State of Colorado, Hennepin County Attorney's Office and the individual Hennepin County defendants, Eric A. Peterson and Liggett, Smith & Wilson, P.C., Jordan Fox, Barbara Salomon, and Cage Williams, P.C., Ruth Kahn, Thomas Miller, Steve E. Abelman, Lydia Dody, Messerli & Kramer P.C., and Linda Jensen  (doc nos. 11, 52, 77, 82, 87, 92, 118, 122, 124, 134) are granted.
4. Defendant Thomas Miller's Motion to Transfer Venue (doc no 103) is denied.

5. Plaintiff's Motion to Deny or in the Alternative to Strike Defendant Abelman's Motion to Dismiss and Motion for Judgment by Default (doc no 128) and Plaintiff's Motion to Deny or in the Alternative to Strike Defendant Dody's Motion to Dismiss and Motion for Judgment by Default (doc no 131) are denied.

6. The complaint, as amended, is dismissed with prejudice.

7. Plaintiff is hereby enjoined from commencing any *pro se* actions in this jurisdiction against the natural persons, entities, and counsel of the parties involved in this action concerning the subject matters of this action.

8. Defendants may have their costs.

DATED at Denver, Colorado, on February 28, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge